UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PATRICIA LINDAU,<br><br>Defendant | ) Criminal No.   21cr10026<br>) <br>) Violations:<br>) <br>) <u>Count One</u>: Wire Fraud<br>) (18 U.S.C. § 1343)<br>) <br>) <u>Count Two</u>: Attempt to Evade or<br>) Defeat Tax<br>)  (26 U.S.C. § 7201)<br>) <br>) <u>Forfeiture Allegation:</u><br>) (18 U.S.C. § 981(a)(1)(C) and<br>) 28 U.S.C. § 2461)<br>) |

<u>INFORMATION</u>

At all times relevant to this Information:

<u>General Allegations</u>

1.      The defendant, PATRICIA LINDAU ("LINDAU"), was a resident of Newburgh, Maine and the owner and operator of Northeast Abacus, Inc. ("Abacus").

2.      Abacus was a business that provided payroll and payroll tax services to small businesses primarily in the State of Massachusetts.  Clients hired Abacus to, among other things, withdraw the weekly or bi-weekly wages and payroll tax withholdings from the clients' bank accounts and then pay over to the employees, through check or direct deposit, their wages and to the Internal Revenue Service ("IRS") and Massachusetts Department of Revenue ("Mass DOR") the taxes that were withdrawn from the clients' accounts. Abacus also filed payroll tax returns with the IRS and Mass DOR reporting the amount of wages and payroll taxes paid by its clients. Abacus ceased operations in May of 2020.

3.     The IRS was an agency of the United States within the Department of the Treasury of the United States and was responsible for administering the tax laws of the United States.

<u>Federal Employment/Payroll Taxes</u>

4.     Federal tax laws required employers, including temporary employment agencies, to file Employer's Federal Quarterly Tax Return ("Form 941"), which was used to report and pay all Federal employment taxes, which consist of Social Security tax and Medicare tax, as well as income taxes withheld from employees. Employers were required to file a Form 941 four times per year.

5.     Social Security and Medicare taxes were mandated by the Federal Insurance Contributions Act ("FICA").  Employers and employees each were required to contribute 50% of FICA taxes owed and employers were required to withhold the employee share of the FICA taxes from their employees' pay.  In filing a Form 941 with the IRS, an employer was required to report its total payment to employees and to report both the employee and the employer shares of the FICA taxes. At the same time, employers were required to deliver to the IRS the employee share of the FICA taxes and to pay the employer's share.

6.     Under federal law, employers were also required to withhold taxes from their employees' wages to be credited toward those employees' federal income tax obligations. These withholdings, too, were required to be shown on the Forms 941, and the funds were required to be delivered to the IRS on a quarterly basis.

<u>Scheme to Defraud Payroll Service Clients</u>

7.       From in or about 2017 through in or about the spring of 2020, LINDAU engaged in a scheme to defraud clients by embezzling client payroll funds she had withdrawn purportedly so that she could pay them to the IRS and Mass DOR on the clients' behalf.

8.       On repeated occasions, from in or about 2017 through the spring of 2020, LINDAU used her access to her clients' bank accounts to transfer all the payroll taxes from her clients' business bank accounts into her Abacus business checking account located at Camden National Bank.  LINDAU was required to pay over these monies to the IRS and Mass DOR on behalf of her clients, but she failed to do so.  Instead, she converted the funds to her own personal use.

9.       In order to conceal her scheme, LINDAU sent clients weekly reports falsely indicating that the funds transferred out of their accounts were used to satisfy the clients' payroll tax liabilities.

10.      For example, "Client A," which was a small family run Massachusetts business, used LINDAU and Abacus for payroll services. In or about the fourth quarter of 2019, LINDAU transferred by wire $10,676.32 from Client A's business bank account at the Merrimack Valley Credit Union, in Massachusetts, to Abacus's business bank account at Camden National Bank, in Maine.

11.      These funds were supposed to be used to satisfy Client A's federal and state payroll tax liabilities; however, LINDAU did not pay over any of these Client A's funds to the IRS or Mass DOR.  Instead, she used the funds for personal expenses and to pay the unpaid taxes

of other clients that had realized that LINDAU had failed to pay over their payroll tax withholdings.

12.     Nonetheless, LINDAU falsely represented to Client A that these funds were paid over to the IRS for Client A's payroll tax liabilities for the fourth quarter of 2019.

13.     Over the course of the scheme, and as a result of LINDAU's embezzlement, many of LINDAU's clients received letters from the IRS and Mass DOR notifying them of payroll tax deficiencies.  In response, LINDAU falsely told the clients that the letters were a mistake by the IRS or Mass DOR and that LINDAU would take care of it.

14.     LINDAU'S scheme continued into the first quarter of 2020 when most of her clients closed due to COVID-19 and discovered that their employees' payroll taxes were not paid as LINDAU had represented.

15.     Over the course of LINDAU's scheme, LINDAU failed to timely pay over approximately $2,393,009 of client payroll taxes.

Scheme to Evade Federal Income Taxes

16.     The tax laws of the United States require that individuals who receive gross income in excess of a minimum filing amount established by law for a particular calendar year must file an income tax return for that calendar year

17.     Under the tax laws, individuals such as LINDAU are required to prepare and file personal income tax returns using IRS Form 1040 to report, among other matters, all gross income from whatever source derived.  S corporations, like Abacus, are required to file corporate tax returns using IRS Form 1120S.  For purposes of federal income tax, income claimed on a

Form 1120S passes through the S Corporation and is reported as income of the corporation's shareholder(s) on a Form 1040.

18.     Under the tax laws, funds obtained by fraud and converted to the taxpayer's own use must be reported to the IRS as gross income during the tax year in which the funds were obtained.  The funds LINDAU embezzled and converted to her own use were income she was required to report to the IRS.

19.     For at least tax years 2018 and 2019, LINDAU verified and caused IRS Forms 1040 to be filed in her name and on her behalf.  LINDAU also verified and caused IRS Forms 1120S to be filed on behalf of Abacus.

20.     The IRS Forms 1040 and 1120S for each of the tax years 2018 and 2019 contained declarations, under penalty of perjury, that the information submitted to the IRS was true, correct and complete.

21.     For at least tax years 2018 and 2019, LINDAU intentionally failed to report to the IRS approximately $917,923 in gross income, resulting in a tax loss of approximately $272,138.

## COUNT ONE
### Wire Fraud
### (18 U.S.C. § 1343)

The United States Attorney charges:

22.     The United States Attorney re-alleges and incorporates by reference paragraphs 1-21 of this Information.

23.     On or about October 8, 2019, in the District of Massachusetts, and elsewhere, the defendant,

### PATRICIA LINDAU,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds for the purpose of executing the scheme to defraud, that is, a wire transfer in the amount of $10,676 from Client A's Merrimack Valley Credit Union bank account in Massachusetts to the Abacus Camden National Bank account in Maine.

All in violation of Title 18, United States Code, Section 1343.

<u>COUNT TWO</u>
Attempt to Evade or Defeat Tax
(26 U.S.C. § 7201)

24.     The United States Attorney re-alleges and incorporates by reference paragraphs 1-21 of this Information.

25.     On or about April 23, 2020 in the District of Massachusetts and elsewhere, the defendant,

PATRICIA LINDAU,

willfully attempted in any manner to evade and defeat income tax due and owing by her to the United States of America for the calendar year 2019, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was filed with the Internal Revenue Service.  In that false income tax return, she stated that her taxable income for the calendar year was the sum of $199,894, and that the amount of tax due and owing thereon was the sum of $36,324.  In fact, as he she then and there knew, her taxable income for the calendar year was the sum of $856,725, upon which taxable income there was owing to the United States of America an income tax of $220,237.

All in violation of Title 26, United States Code, Section 7201.

7

<u>FORFEITURE ALLEGATION</u>
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

26.     Upon conviction of the offense violation of Title 18, United States Code, Section 1343, set forth in Count One, the defendant,

PATRICIA LINDAU,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.  The property to be forfeited includes, but is not limited to, the following asset:

a.   $1,121,292 to be entered in the form of a forfeiture money judgment.

27.     If any of the property described in Paragraph 26, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 26 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).


<u>/s/ *Sara Miron Bloom*</u>
SARA MIRON BLOOM
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS


District of Massachusetts: January 22, 2021